#0652-50

ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
AUG 11 2006
U.S. COURT OF FEDERAL CLAIMS

H & R SERVICES, INC., )
an Alabama corporation, Plaintiff )
)
)
) 06-582 C
v. )
)
)
)
THE UNITED STATES OF AMERICA, )
Defendant )

## COMPLAINT

**COMES NOW**, Plaintiff H & R Services, Inc., an Alabama corporation (hereinafter "H & R), by counsel, and pursuant to Rule 4 of the United States Court of Federal Claims, complains and alleges as follows:

## JURISDICTION

1. On October 1, 2000, the United States Department of Army, U.S. Army Contracting Agency, Southern Region awarded H & R Contract No. DABT39-00-C-4032 (the "Contract"). The contract included estimates of the supplies to be provided and the services to be performed.

2. On July 5, 2005, H & R served upon the Contracting Officer a claim in the amount of $165,851.24, plus interest, for additional costs and profit that H & R incurred in performing the services and providing the supplies described in the Contract. These additional costs were incurred by H & R as a result of the change in conditions at Fort Sill Army Base. In particular, the number of occupants in the buildings for which supplies were to be provided and janitorial services were to be performed increased substantially. This increase was not expected, forecasted or known by H & R at the time proposals were submitted for the Contract, or at the time the Contract was

awarded. These changes caused the estimates upon which H & R's ontract pricing was based to be inaccurate and incomplete. This claim was for the period from January 1, 2002 through December 31, 2004 (the "Claim 1").

3. By letter dated August 11, 2005, the Contracting Officer issued a final decision regarding H & R's Claim 1, finding that H & R was not entitled to any recovery.

4. On May 12, 2006, H & R served upon the Contracting Officer a claim in the amount of $37,359.76, plus interest and profit, for additional costs that H & R incurred in performing services and providing the supplies described in the Contract. This claim was for the period from January 1, 2005 through September 30, 2005 (the "Claim 2"; collectively, Claim 1 and Claim 2 shall be referred to as the "Claims"). Claim 2 is based upon the same change in conditions as Claim 1

5. By letter dated June 20, 2006, the Contracting Officer issued a final decision regarding H & R's Claim 2, finding that H & R was not entitled to any recovery.

6. This Court has jurisdiction over H & R's Claims pursuant to the Tucker Act, 28 U.S.C. Section 1431 and the Contract Disputes Act, 41 U.S.C. Section 605(c)(5).

## GENERAL ALLEGATIONS

7. The Contract contained an estimate of the supplies to be provided. The Contract also contained an estimate of the square footage of the building space for which H & R was to provide janitorial services.

8. The pricing provision required H & R to price the necessary supplies and services based on a square footage basis for both the estimated supplies to be provided pursuant to the Contract and the estimated building square footage to be covered by the Contract.

9. During the course of performance, the requirements of the Government increased

substantially from the estimates contained in the Contract and upon which H & R based its proposal pricing.

10. The change in the Government's requirements and the change in conditions were the result of the number of occupants utilizing the buildings identified in the Contract increasing substantially during the course of the performance of the Contract. These changes resulted in the volume of supplies required to be provided by H & R to significantly exceed the estimates provided for by the Government in the Contract. Furthermore, the increased number of occupants utilizing the buildings identified in the Contract substantially increased the services to be performed by H & R.

11. H & R had no prior actual or constructive knowledge of the supplies and services that would be actually reasonably necessary to perform the requirements set forth in the Contract such that the estimates contained in the Contract failed to accurately reflect the requirements of the Government.

**COUNT ONE (Breach of Contract)**

12. H & R incorporates by this reference the statements and allegations in Paragraphs 1 through 11 as if fully set forth in this Paragraph.

13. The Government breached its implied warranty of the accuracy and completeness of its specifications and requirements.

14. The Government had superior knowledge of the number of occupants of the buildings for which services were to be provided and the volume of supplies that H & R would be required to provide pursuant to the specifications in the Contract. However, the Government refused and failed to provide such information to H & R during the course of its performance of the Contract and to

make any adjustments to the Contract as a result of these changes.

15. The Government provided inaccurate and incomplete information to H & R regarding the estimated number of occupants of the buildings identified in the Contract and the estimated volume of supplies to be provided pursuant to the requirements of the Contract and the Government otherwise misrepresented the estimates upon which H & R based its pricing in the Contract.

16. The Government breached its duty to cooperate with H & R.

17. The Government failed and refused to provide an equitable adjustment of the contract price pursuant to the "Changes" clause in the Contract.

18. As a direct and proximate result of the foregoing breach(es) of contract, H & R suffered damages for which the Government is liable in the full amount of its Claims.

**COUNT TWO (Constructive Change)**

19. H & R incorporates by this reference the statements and allegations in Paragraphs 1 through 18 as if fully set forth in this Paragraph.

20. H & R's performance of services in excess of those reasonably estimated in the Contract and the providing of supplies in excess of those reasonably estimated in the Contract constitute constructive changes, for which H & R is entitled to an equitable adjustment under the "Changes" clause in the Contract for the full amount of its Claims.

**COUNT THREE (Breach of the Implied Contract)**

21. H & R incorporates by this reference the statements and allegations in Paragraphs 1 through 20 as if fully set forth in this Paragraph.

22. Representations made to H & R by the Government in the proposal and the Contract, and H & R's performance in reliance on those representations, constitute an implied contract to pay

H & R for all additional costs incurred in supplying the necessary supplies and performing the necessary services.

23. The Governments' failure and refusal to pay H & R the full amount of its Claims is a breach of implied contract for which the Government is liable.

**COUNT FOUR (Equitable Estoppel)**

24. H & R incorporates by this reference the statements and allegations in Paragraphs 1 through 23 as if fully set forth in this Paragraph.

25. H & R relied to its detriment upon the foregoing representations and estimates of the Government, by performing services and providing supplies in excess of the reasonable estimates contained in the Contract.

26. By reason of the foregoing, the Government is estopped from denying its liability for the full amount of H & R's Claims.

**COUNT FIVE (Mutual Mistake)**

27. H & R incorporates by this reference the statements and allegations in Paragraphs 1 through 26 as if fully set forth in this Paragraph.

28. At the time the parties executed the Contract, H & R and the Government were mutually mistaken as to the volume of supplies to be provided and the services necessary for the estimated square footage, and H & R did not assume the risk of this mistake.

29. The Government was aware of and accepted the benefits from H & R for it providing supplies in excess of those estimated and for H & R performing services in excess of those estimated for the number of occupants for the estimated square footage contained in the Contract.

30. For the foregoing reasons, the Contract should be reformed to reflect a total contract price that has been increased to reflect the full amount of H & R's Claims.

**WHEREFORE**, for the foregoing reasons, H & R respectfully requests that the Court enter judgment in H & R's favor in the amount of $203,211.00, plus interest under the CDA, and such other relief as the Court may deem appropriate.

DATED THIS 10th OF AUGUST, 2006.

Respectfully Submitted,

William H. Hickman, OBA No. 18395
Jeremy R. Fitzpatrick, OBA No. 20204
MORICOLI, MATULA, SCHOVANEC & HICKMAN
Two Leadership Square
211 North Robinson, Suite 1200
Oklahoma City, Oklahoma 73102
Tel.: (405) 235-3357
Fax: (405) 232-6515

ATTORNEYS FOR PLAINTIFF