IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| H&R SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-582 |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In compliance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this Joint Preliminary Status Report.

**(A)** Does the court have jurisdiction over the action?

Plaintiff believes that this Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. § 1491 and 41 U.S.C. § 605. Defendant is currently unaware of any reason why this Court would lack subject matter jurisdiction to entertain plaintiff's complaint.

**(B)** Should the case be consolidated with any other case and, if so, why?

No party is aware of any case with which this case should be consolidated.

**(C)** Should trial of liability and damages be bifurcated and, if so, why?

Assuming the case is tried, the parties are not currently aware of any reason that the trial should be bifurcated.

**(D)** Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

The parties are not currently aware of any reason why proceedings in this case should be deferred pending consideration of another case before this Court or any other tribunal. The parties are not aware of any related cases in this or any other tribunal.

**(E)** In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No party presently anticipates seeking a remand or suspension.

**(F)** Will additional parties be joined?

At this time, no party anticipates joining any additional parties.

**(G)** Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

At this time, neither party anticipates filing a dispositive motion. If either party elects to file such a motion, it shall be filed no later than August 10, 2007, with all responses and memorandums in opposition to be filed no later than 30 days afterwards.

**(H)** What are the relevant factual and legal issues?

Based upon a current review of the case, the parties believe the relevant issues are as follows:

Whether the Government breached an implied warranty of the accuracy and completeness of its specifications and requirements.

Whether the Government had superior knowledge of information relating to the contract yet failed to provide that information to H&R.

Whether the Government breached a duty to cooperate with H&R.

Whether the Government failed to provide an equitable adjustment of the contract price pursuant to the “Changes” clause in the contract.

Whether H&R’s performance was the result of constructive changes in the contract for which H&R should now be compensated.

Whether alleged representations made to H&R by the Government in the proposal and

the contract, and H&R's alleged performance in reliance upon those representations, constitute an implied contract to pay H&R for all additional costs incurred in supplying supplies and performing services pursuant to the contract.

Whether the Government can be equitably estopped from denying its liability for its alleged representations regarding the contract.

Whether, at the time of the execution of the contract, the Government and H&R were mutually mistaken as to the volume of supplies to be provided and the services necessary pursuant to the contract.

**(I)** What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties have not yet engaged in settlement discussions, and are agreed that they cannot at this time predict the likelihood of settlement.

**(J)** Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. No party requests expedited trial scheduling.

**(K)** Are there special issues regarding electronic case management needs?

There are no special issues at this time regarding electronic case management needs.

**(L)** Is there other information of which the court should be aware at this time?

There is no other information of which the court should be aware at this time.

## Discovery

The parties respectfully propose the following discovery plan:

1. Initial disclosures will be exchanged by February 2, 2007.

2. Discovery will not be conducted in phases or limited to certain issues.

3. Each party shall disclose their expert witnesses and reports and make their expert witnesses available for depositions as follows:

   (a) Plaintiff shall disclose all expert witnesses and shall provide reports required by Rule 26(a)(2) no later than May 11, 2007.

   (b) Plaintiff shall make such experts available for deposition no later than June 8, 2007.

   (c) Defendant shall disclose all expert witnesses and shall provide reports required by Rule 26(a)(2) no later than May 11, 2007.

   (d) Defendant shall make such witnesses available for deposition no later than June 8, 2007.

4. The presumptive limits of 10 depositions per side as set forth in Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure will apply to this case.

5. The parties shall be allowed 35 interrogatories.

6. No physical or mental examinations of the parties are expected under Rule 35 of the Federal Rules of Civil Procedure.

7. All discovery will be completed by July 9, 2007.

8. All dispositive motions shall be filed no later than August 10, 2007, with all responses and memorandums in opposition to be filed no later than 30 days afterwards.

Respectfully submitted,

By:
s/ William Henry Hickman
WILLIAM HENRY HICKMAN
Moricoli, Matula, et al.
211 North Robinson
Two Leadership Square, Suite 1200
Oklahoma City, OK 73102
Tele: (405) 235-3357
Fax: (405) 232-6515
Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Brian M. Simkin
BRIAN M. SIMKIN
Assistant Director

s/ Sean B. McNamara
SEAN B. McNAMARA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L St., NW
Washington, DC 20005
Tele: (202) 305-7573
Fax: (202) 514-8624

Attorneys for Defendant

Dated: January 8, 2007

**CERTIFICATE OF FILING**

I hereby certify that on January 8, 2007, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sean B. McNamara
SEAN B. McNAMARA