IN THE UNITED STATES COURT OF FEDERAL CLAIMS

H & R SERVICES, INC., )

an Alabama corporation, )

Plaintiff, )

)

)

v. ) Case No. 06-582

) (Judge Wheeler)

)

)

THE UNITED STATES, )

Defendant )

**AFFIDAVIT OF ROGER HALL**

I, Roger Hall, being first duly sworn on oath, testify as follows:

1. That I have personal knowledge of the facts and circumstances involved in the litigation styled *H & R Services, Inc. v. The United States*, Case No. 06-582, In the United States Court of Federal Claims

2. That I have been employed by H & R since 1989.

3. That I am the General Manager of H & R.

4. That I oversaw and communicated directly with the Project Manager for the Contract involved in this lawsuit.

5. That I prepared H & R's bid in response to the Government's Solicitation resulting in the Contract.

6. That I prepared H & R's bid, after reviewing the terms and conditions of the Solicitation.

7. That I also reviewed the terms and conditions of the custodial and janitorial services in effect at Fort Sill Army Base prior to the H & R Contract in order to prepare the H & R bid.

8. That I also considered the statements in the June 5, 2000 letter from the Contracting Officer Sharel McAdoo regarding the differences between the two acquisitions in preparing the H & R bid.

9. That based on the information I reviewed and considered, I understood the H & R Contract was going to be interpreted like the prior custodial contract with regard to the contractor being compensated for costs related to mobilization efforts.

APPENDIX 1

10. That I prepared H & R's bid based on this interpretation of H & R requirements; and that, if I had known that H & R was to be responsible for the costs associated with a contingency effort like mobilization, the prices included in the bid would have been greater.

11. That H & R did not know, at the time its bid was submitted to the Government, that the prior contractor was not performing satisfactorily, including its poor service and failure to provide adequate supplies.

12. That if I had known of these problems concerning the prior contractor's performance, it would have increased the costs included of H & R's bid to the Government.

13. That I prepared H & R's Claim 2.

14. That H & R's Claim 2 submitted to the Government does reflect H & R's best estimate of the actual costs incurred by H & R as a result of the additional work performed.

15. That I did locate additional documents from Sam's Club that evidence costs incurred that are a part of Claim 2.

16 That H & R is a small, disadvantaged company that does not have a sophisticated accounting system.

Further Affiant Sayeth Not.

Roger Hall

Subscribed and sworn to before me this 14 day of March, 2008

Notary Public My Commission Expires 8-31-2010